# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Esperanza De La Paz HERNANDEZ De Lones<br>a/k/a<br>Esperanza HERNANDEZ-Chicas | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 25-mj-2140

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 11, 2025_____ in the county of _____Davidson_____ in the
_____Middle_____ District of _____Tennessee_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code<br>Sections 1326(a) &(b)(2) | Illegal Re-entry |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Michael Hector
_____
*Complainant's signature*

Michael Hector, ICE ERO
_____
*Printed name and title*

Sworn to me remotely by telephone, in compliance with
Fed. R. Crim. P. 4.1.

Date: _____04/11/2025_____

_____
*Judge's signature*

City and state: _____Nashville, Tennessee_____     Hon. Jeffery S. Frensley, U.S. Magistrate Judge
_____
*Printed name and title*

## <u>STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Michael Ryan Hector, having been duly sworn, hereby depose and swear to the following:

1.      I am an agent with the Department of Homeland Security (DHS), specifically U.S. Immigration and Customs Enforcement (ICE), Enforcement Removal Operations, currently assigned to the Middle District of Tennessee. I have been so employed since June 2021. As a federal agent for DHS, I am familiar with federal statutes, including: 8 U.S.C. § 1326(a) (illegal re-entry by a removed illegal alien) and 8 U.S.C. § 1326(b)(2) (where an alien's removal was subsequent to a conviction for commission of an aggravated felony).

2.      The facts contained in this affidavit are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This affidavit does not contain each and every detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest Esperanza De La Paz HERNANDEZ De Lones, also known as Esperanza HERNANDEZ-Chicas, for a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3.      On or about April 9, 2025, ICE officers in Nashville, Tennessee were made aware via a tip from Homeland Security Investigations (HSI) that the Defendant was present in the Middle District of Tennessee. The Defendant has a final order of removal and has multiple removals from the United States. Immigration and law enforcement records also show that the Defendant has an aggravated felony conviction under 8 U.S.C. § 1101(a)(43)(B). The matter was referred to ICE Fugitive Operations.

4.      An immigration records query showed that the Defendant is not a citizen of the United States, without any legal status to enter or remain in the United States. The Defendant is a citizen of El Salvador.

5.      On or about March 27, 1991, the Defendant was convicted of possession with intent to distribute cocaine and received a 33-month sentence. This conviction is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

6.      On or about August 15, 1991, a United States immigration judge in Oakdale, Louisiana ordered the Defendant removed from the United States.

7.      On or about November 12, 1992, the Defendant was removed from the United States back to El Salvador via Houston, Texas.

8.      On or about September 25, 2001, the Defendant pled guilty to Disorderly Conduct at a criminal court in Davidson County, Tennessee and was fined $164.00 dollars.

9.      On or about December 4, 2002, the Defendant was charged in a criminal court in Davidson County, Tennessee with aggravated assault/deadly weapon. The case was later dismissed.

1

10.     On or about July 2, 2003, the Defendant was convicted and sentenced for violations of 8 U.S.C. §§ 1326(a) and 1326(b)(2) in the Middle District of Tennessee. The Defendant was sentenced to 41-months of confinement. The Defendant was then removed from the United States back to El Salvador.

11.     On or about October 27, 2016, the Defendant was encountered in Nashville, Tennessee and charged with violations of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Defendant was convicted and sentenced to 27 months of confinement. On or about November 8, 2018, the Defendant was deported from the U.S. back to El Salvador via Alexandria, Louisiana.

12.     On or about April 11, 2025, ICE officers encountered the Defendant in Nashville, Tennessee. ICE officers verified the Defendant' identity through immigration records and biometrics.

13.     Since the Defendant's last removal in 2018, the Defendant has not received express consent to reapply for admission into the United States from the United States Attorney General and/or the Secretary of Homeland Security. The Defendant has entered and was found in the United States illegally and without authorization. The Defendant has no pending applications with Citizenship and Immigration Services (USCIS). Immigration records indicate the Defendant is ineligible for any relief under the Immigration & Nationality Act (INA), as amended.

14.     As the Defendant is illegally in the United States and her removal was subsequent to a conviction for an aggravated felony, I am requesting a warrant and complaint charging the Defendant with a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).