IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:25-mj-02140 |
| ) | JUDGE HOLMES |
| ) | |
| ESPERANZA DE LA PAZ HERNANDEZ DE LONAS ) | |
|     a/k/a ) | |
| ESPERANZA HERNANDEZ-CHICAS ) | |

GOVERNMENT'S POSITION ON VOLUNTARINESS AS IT RELATES TO TITLE 8, U.S.C. § 1326

COMES NOW the United States of America, by and through Robert E. McGuire, Acting United States Attorney, and Rachel M. Stephens, Assistant United States Attorney, and, pursuant to the Court's order following the preliminary hearing in this matter, submits this position on "voluntariness" as it relates to the offense of Reentry of Removed Aliens, pursuant to Title 8, United States Code, Section 1326.

At the preliminary hearing in this matter, held April 21, 2025, Agent Michael Hector testified he encountered the defendant at the Nashville International Airport, after the Transportation Security Administration area.[1] She and her companion were putting on their shoes just past security. The defendant is a citizen and national of El Salvador, had been previously deported multiple times, and did not have any applications pending with the appropriate authorities to be legally within the United States. The defendant, in argument, suggested the United States is required to prove a defendant was voluntarily in the United States as an element of the offense. Counsel suggested that because the defendant had a plane ticket to El Salvador, her presence in the United States may not have been voluntary, and therefore the United States had not met its burden of establishing that probable cause existed the defendant committed the offense charged in the Criminal Complaint. (Doc. 1.) The defendant's objection was not accompanied by proof or specific legal authority, and only argument, speculation, and supposition supported the objection.

---

[1] The facts recounted are to the best of the undersigned attorney's recollection, as no transcript exists of the hearing at this time. To the extent the record differs, the undersigned defers to the recorded testimony of Agent Hector.

1

However, the United States was ordered to file a brief regarding voluntariness, and the defendant will then get an opportunity to respond to the Government's position to her objection.

Voluntariness is not an element of the offense which must be established by the United States.

The statute for the offense of Reentry of removed aliens states:

(a) In general

Subject to subsection (b), any alien who—
(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to the alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326. The words "voluntary" or "voluntarily" do not appear in the statute.

The Sixth Circuit does not have a pattern jury instruction for the offense. However, from a 2002 case tried in the Eastern District of Tennessee, in an unpublished opinion, the Sixth Circuit noted that "the elements of 8 U.S.C. §1326(a) are straightforward and require the government to prove 1) the defendant is an alien; 2) who previously was arrested and deported or excluded and deported; and 3) thereafter improperly entered, or attempted to enter, the United States (without the permission of the Attorney General). *United States v. Hodulik*, 44 Fed.Appx. 656, 2002 WL 1396904 (Sixth Cir. June 26, 2002) *citing United States v. Meza-Soria*, 935 F.2d 166, 168 (9th Cir. 1991). Voluntariness is not part of the elements listed by the Sixth Curcuit.

While the Sixth Circuit does not have a pattern instruction, other circuits do. The elements enumerated in Tenth Circuit's Pattern Instruction are:

*First:* the defendant was an alien at the time alleged in the indictment;

*Second:* the defendant had previously been [denied admission] [excluded] [deported] [removed] from the United States; and

>	*Third:* the defendant [knowingly entered] [knowingly attempted to enter] [was found in the United States having entered knowingly]
>
>	*Fourth:* the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Tenth Cir. Pattern Inst. 2.05. A comment to the Pattern Instruction clarifies that the "knowingly" requirement in the third element does not pertain to being found in the United States. *See United States v. Hernandez-Hernandez*, 519 F.3d 1236, 1239 n.4 (10th Cir. 2008).

In *Hernandez-Hernandez*, according to the defendant, the defendant consumed copious amounts of liquor in Mexico and blacked out. *Id*. at 1237. When he regained consciousness, he was in the United States. *Id*. Following indictment for violating 8 U.S.C. §1326, the defendant sought to present proof as to his intoxication because he did not know whether his presence in the United States was voluntarily and knowingly made. *Id*. at 1238. The Tenth Circuit excluded the proof, and specifically addressed the *mens rea* requirement States of 1326 offenses as to presence in the United States. The court stated,

> we agree with our sister circuits that an alien's presence in the United States gives rise to a natural, common sense inference that his or her presence was intentional in the very limited, Section 1326 sense. After all, those crossing the border usually do so intending their own physical actions. *See United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000); *see also United States v. Rivera–Sillas,* 417 F.3d 1014, 1020 (9th Cir. 2005) ("We are comfortable presuming that a defendant who is found in the United States willfully and knowingly *acted* in order to enter this country."). Still, this inference can be overcome; while most border crossings are surely intentional in the Section 1326 sense, neither can we deny that the trafficking of human beings against their will across international boundaries is a reality. But, "[t]o dispel the inference, the alien would have to demonstrate that one of the speculative possibilities of involuntary entry had actually taken place." *Quintana–Torres,* 235 F.3d at 1200.

*Hernandez-Hernandez*, 519 F.3d at 1241 (footnote omitted). The reasoning from the Tenth Circuit is instructive on how the Court should consider the issue of the defendant's presence in the United States. The Court can presume that the defendant acted willfully and knowingly to enter this country, particularly since she was walking around freely within the Nashville airport, on her way to Miami, according to her airline ticket. To dispel the presumption that she acted willfully to enter this country, the defendant would have to demonstrate that a speculative possibility of involuntary

entry occurred. The defendant did not present proof to rebut probable cause on this issue. She merely suggested that because she was on her way out of the country, voluntariness was not present.

The Pattern Instructions in the Fifth Circuit are very similar to those in the Tenth Circuit. They define the elements to be proven as:

*First:* That the defendant was an alien at the time alleged in the indictment;

*Second:* That the defendant had previously been deported [removed] [excluded] from the United States;

*Third:* That thereafter the defendant knowingly entered [attempted to enter] [was found in] the United States; and

*Fourth:* That the defendant had not received the consent of the Secretary of the Department of Homeland Security [Attorney General of the United States] to apply for readmission to the United States since the time of the defendant's previous deportation.

Fifth Cir. Pattern Inst. 2.03.

"A previously deported alien is found in the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to immigration authorities." *United States v. Rojas*, 770 F.3d 366, 367 (5th Cir. 2014) *quoting United States v. Santana-Castellano*, 74 F.3d 539, 598 (5th Cir. 1996). In *Rojas*, the defendant was on a bus bound for Mexico. *Rojas*, 770 F.3d at 367. A Border Patrol agent boarded the bus and encountered Rojas, who admitted to his illegal presence in the United States. *Id*. The Fifth Circuit declined to extend the "voluntary disclosure" doctrine (an alien who voluntarily approaches an INS station cannot be said to have been found or discovered in the United States) to Rojas or an alien seeking to exit the country. *Id*. at 367-68.

The facts in *Rojas* are analogous to the facts in this case, as the defense suggested that the defendant may not voluntarily be in the county since she was heading back out of the country. The fact that the defendant could have been flying out of the United States when she was encountered by immigration officials does not negate her illegal presence in the United States, and it does not mean she was no longer here voluntarily. Her business here could have concluded, but that does not mean she did not intentionally and voluntarily come into the United States to conduct her business.

4

From the Government's research, it appears the defense argued the elements of the offense as defined by the 9th Circuit, which adds two requirements of proof above what other jurisdictions require. *See Ninth Cir. Pattern Inst. 7.8.* Those additional requirements are that the defendant entered the United States voluntarily and that the defendant was free from official restraint at the time she entered the United States. *Id*. The United States submits that the other Circuits' pattern instructions on a Section 1326 are more commonly used and should be followed in this case.

Even if the Court finds the Ninth Circuit's instructions, with an additional element of voluntariness, should be followed in this circuit, the United States' position is that the proof established the defendant's voluntary presence in the United States. The defendant was freely moving about in the Nashville International Airport. The Court heard no information to rebut probable cause that the defendant was illegally present in the United States.

As the Tenth Circuit stated, "an alien's presence in the United States gives rise to a natural, common sense inference that his or her presence was intentional in the very limited, Section 1326 sense. After all, those crossing the border usually do so intending their own physical actions." *Hernandez-Hernandez*, 519 F.3d at 1241. The Court has no proof whatsoever to rebut the common sense inference that a person moving freely about in the country was voluntarily and intentional. Therefore, the Government submits the Court has more than sufficient probable cause in this case to substantiate the Complaint and to allow the case to more forward.

Respectfully Submitted,

ROBERT E. McGUIRE
ACTING UNITED STATES ATTORNEY

By:   */s/ Rachel M. Stephens*
      RACHEL M. STEPHENS
      HERBERT L. BUNTON, III
      Assistant United States Attorney
      719 Church Street, Suite 3300
      Nashville, TN 37203
      (615) 401-6655

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed with the U.S. District Court via CM/ECF, which will send Notice of Electronic Filing to Caryll Alpert, attorney for the defendant, on the 28th day of April, 2025.

                                                                           */s/ Rachel M. Stephens*