UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) Case No. 3:25-mj-2140<br>v. )<br>) MAGISTRATE JUDGE HOLMES<br>)<br>ESPERANZA DE LA PAZ )<br>HERNANDEZ DE LONES )<br>    a/k/a )<br>Esperanza Hernandez-Chicas ) | |

### DEFENDANT HERNANDEZ'S RESPONSE
### REGARDING PROBABLE CAUSE AND VOLUNTARINESS
### UNDER 8 U.S.C. § 1326

Through counsel, defendant Esperanza De La Paz Hernandez De Lones responds to the government's position regarding probable cause and the question of whether, under 8 U.S.C. § 1326, the government must present evidence that the defendant was present in the United States voluntarily. (D.E. 12, Order.) As reflected below, voluntariness is inherent to the statute. Under the unusual facts of this case, the government has not met the standard for probable cause and the charges must therefore be dismissed.

It appears that the Sixth Circuit has not directly addressed whether the defendant's presence in the United States must be voluntary. But, other circuits have held that voluntariness is required. For example, in *United States v. Quintana-Torres*, 235 F.3d 1197, 1200 (9th Cir. 2000), the Ninth Circuit held that

"the voluntariness of the return is an element of the crime and, as such, must be proved beyond a reasonable doubt by the prosecution." In *United States v. Espinoza–Leon*, 873 F.2d 743, 746 (4th Cir. 1989), the Fourth Circuit held that, "To obtain a conviction under § 1326, the Government must establish that: (1) [the defendant] was an alien who had previously been arrested and deported; (2) he reentered the United States voluntarily; and (3) he failed to obtain the express permission of the Attorney General to do so."

Other circuits agree. *See, e.g., United States v. Sierra-Ledesma*, 645 F.3d 1213, 1224 (10th Cir. 2011) (intent necessary is that defendant "voluntarily and intentionally reentered the United States"); *United States v. Macias*, 740 F.3d 96, 98 (2d Cir. 2014) ("Because Vasquez was not in the United States when he was "found" and, when "found in" the United States, was here involuntarily, Vasquez's conviction was plainly erroneous and it would constitute manifest injustice to allow it to stand."); *United States v. Estrada-Rodriguez*, No. 22-40055, 2023 WL 1778173, at *1 (5th Cir. Feb. 6, 2023) ("illegal reentry is not a specific intent crime and is instead a general intent crime requiring the Government to prove merely that the defendant voluntarily reentered the country"); *United States v. Flores–Velasquez*, 651 F. App'x 861, 867 (11th Cir. 2016) ("it is sufficient for the government to prove the defendant's general intent by showing that he took a voluntary act by reentering the country").

Federal pattern jury instructions confirm this understanding.[1] *See, e.g.,* 8th Cir. Pattern Jury Instructions 6.8.1326 (2023) ("*Two*, at some later time, the defendant [knowingly and voluntarily reentered the United States] [was found in the United States] without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security, to reapply for admission into the United States"); 9th Cir. Pattern Jury Instruction 9.8 (2024) ("Second, thereafter, the defendant knowingly and voluntarily reentered the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security, to reapply for admission into the United States"); 11th Cir. Pattern Jury Instruction 97 (2016) ("the Defendant [knowingly reentered] [was found to be voluntarily back in] the United States").

The government cites to jury instructions from the Fifth and Tenth Circuits as evidence that the government need not prove "voluntariness." (D.E. 14 at PageID# 66-68.) However, as shown above, both these circuits do require that a defendant be in this country voluntarily. *Sierra-Ledesma*, 645 F.3d at 1224; *Estrada-Rodriguez*, 2023 WL 1778173, at \*1; *see also United States v. Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2000) ("This general intent requirement serves the limited purpose of preventing one from being liable under § 1326 if he crossed the border involuntarily.") The jury instructions in the Fifth and Tenth Circuits both include the word "knowingly," the intent element in the statute – that the

---

[1] The Sixth Circuit does not have a pattern jury instruction for this statute.

"Government must prove the defendant acted only with the 'intent to do the act of entering the country.'" *Sierra-Ledesma*, 645 F.3d at 1219, 1221. This means that the defendant entered voluntarily. *Id.* at 1223 ("knowingly" means "that the act was done voluntarily and intentionally, and not because of mistake or accident."); *see also* 10th Cir. Pattern Jury Instruction 1.37 (2025). Similarly, the Fifth Circuit also defines "knowingly" as "the act was done voluntarily and intentionally, not because of mistake or accident." 5th Cir. Pattern Jury Instruction 1.41 (2019).

So then, how is voluntariness (intent) proven? In appropriate cases, an inference may be drawn that an individual had the intention to be in the country by virtue of being found somewhere other than a border or port location. *See, e.g., Quintana-Torres*, 235 F.3d at 1200 ("a reasonable juror may well infer that the [immigrant] had the intention to be here when the [immigrant] is discovered at any location in the country other than the border. Such a conclusion is not a presumption of law. It is circumstantial proof that is convincing unless explained away"); *Guzman-Ocampo*, 236 F.3d at 238 ("Distance from the border, in most cases, will be sufficient evidence to allow the jury to draw the inference that presence was voluntary."); *Flores–Velasquez*, 651 F. App'x at 867 ("the circumstances of Flores–Velasquez's arrest, including that it occurred in a residential area in Florida that was not a port, the jury could reasonably find that Flores–Velasquez was conscious and not comatose and took a voluntary act when he reentered the United States"). In this district, the government commonly presents

4

evidence that an individual was driving, working, living or otherwise present in the United States prior to his arrest in Tennessee.

Here, however, Ms. Hernandez was found at the functional equivalent of a border or port location—at an airport about to board a plane with a ticket to El Salvador. No information was presented on the circumstances of her arrival in the United States, or placing her, at any point, at a location other than the airport security area headed to El Salvador.

The government bears the burden of proof. In this unusual case, the government has failed to present essential evidence that Ms. Hernandez had returned to the United States voluntarily. Because the government has failed to establish probable cause as to this element, this matter must be dismissed.

Respectfully submitted,

/s/ *Caryll S. Alpert*
CARYLL S. ALPERT (BPR# 017021)
Senior Litigator
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
Caryll_Alpert@fd.org

Attorney for Esperanza De La Paz
Hernandez De Lones

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2025, I electronically filed the foregoing Defendant Hernandez's Response Regarding Voluntariness Under I U.S.C. § 1326 with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Herbert L. Bunton, III, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, TN 37203.

                                      /s/ *Caryll S. Alpert*
                                      CARYLL S. ALPERT